Filed 10/18/22  In re A.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | C095806 |
| YOLO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.M. et al.,<br><br>Defendants and Appellants. | (Super. Ct. No. JV-2019-216) |

L.G. (mother) and J.M. (father), parents of the minor, appeal from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. &

1

Inst. Code, §§ 366.26, 395.)[1]  The parents contend the Yolo County Health and Human Services Agency (Agency) failed to comply with the requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA).  We will affirm the juvenile court's orders.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the issue on appeal is limited to compliance with the ICWA, we dispense with a detailed recitation of the underlying facts and procedure.

The newborn minor was detained and made a dependent of the juvenile court due to the parents' unresolved substance abuse issues which rendered them unable to provide appropriate care for the minor and placed the minor at risk of serious harm.

The Agency made an initial ICWA inquiry of mother in June 2019.  Mother indicated she was unsure if she had Native American heritage.  The Agency's initial attempts to contact father were unsuccessful.

In July 2019, mother stated she had Indian heritage, but she was unsure of the tribe.  She stated she would attempt to gather more information from the maternal aunt.  She later reported her paternal uncle completed an ancestry test and was "found to be 60% Native American," but she declined to provide the name of the uncle to the Agency stating she would need to obtain additional information.  Mother denied any of her immediate relatives attended a Native American school or resided on a reservation.  On July 11, 2019, mother filed a parental notification of Indian status (form ICWA-020) stating she may have Indian heritage but not identifying any particular tribe.

The Agency mailed ICWA notices to the Bureau of Indian Affairs (BIA) and the Secretary of the Interior on July 26, 2019.  The notices included information regarding both parents; the name, address, and birthdate of the maternal grandmother; the name,

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

birthdate, and place of death of the maternal grandfather; and the names and other known information of the maternal great-grandparents. The notices indicated the maternal grandfather and both maternal great-grandmothers were deceased.

The August 2019 disposition report stated the Agency was able to contact father who denied having any Indian ancestry.

On September 4, 2019, the juvenile court found the minor's possible Indian heritage was still being investigated and that there was reason to believe the ICWA applied.

The February 2020 status review report reiterated the information previously reported about the parents' potential Indian heritage and added that responses from the BIA and the Secretary of the Interior informed that neither entity was able to determine the minor's possible tribal affiliations due to insufficient information. The Agency indicated it would continue to question the parents regarding Indian heritage and tribe information.

In its next several reports (from August 2020 to May 2021), the Agency reported it requested updated information from mother regarding possible Indian ancestry. Mother reiterated the ancestry test information she previously provided regarding her paternal uncle. Mother stated her uncle did not have any tribal affiliation and he did not know the name of any tribe with which he might be eligible for enrollment. The social worker requested the paternal uncle's contact information in order to obtain additional information. Mother provided nothing new as of February 1, 2021. The reports contained the previously stated information about father and his Indian ancestry. At the subsequent review hearings, the juvenile court made no new ICWA findings.

On May 26, 2021, the juvenile court transferred the case to San Luis Obispo County. On June 10, 2021, the San Luis Obispo County Juvenile Court transferred the case back to Yolo County.

On June 11, 2021, the Agency filed a supplemental dependency petition pursuant to section 387, attached to which was an Indian child inquiry attachment stating that mother gave no reason to believe the minor was or may be an Indian child.

The June 2021 detention report on the section 387 petition stated mother was asked if she had any known Indian ancestry and she reported she did not. The Agency was unable to reach father to further inquire about his Indian heritage.

Both parents were present for the June 17, 2021, detention hearing. Mother's counsel confirmed mother had no Indian ancestry. When asked whether he had any known Indian heritage, father responded, "No." The juvenile court instructed the parents to inform counsel and the court of any new information in that regard, found there was no reason to know the minor was an Indian child, and found the ICWA does not apply. All of the Agency's reports thereafter noted the court's determination that the minor was not an Indian child for purposes of the ICWA.

At the January 24, 2022, hearing, the Agency inquired if either parent had any new information regarding Indian ancestry and requested that the juvenile court specifically inquire of the foster parents, the maternal aunt, and uncle. The foster parents stated they had no knowledge regarding Indian ancestry. Mother stated, "I have to ask an uncle of mine, my dad's brother, because he did something about ancestry and I have to see what's going on with that." The court ordered mother to "look into that and get that information to your attorney and to the social worker as soon as possible." When the court asked father whether he had any information about Indian ancestry, father said, "No, I don't have any, no." At the Agency's request, the court instructed mother to provide the Agency with the uncle's name and contact information. Mother replied, "I will get it to my lawyer . . . ." After further prompting, mother provided the uncle's name and promised to provide his contact information to her attorney that day.

The contested section 366.26 hearing commenced on February 28, 2022, with both parents present. The Agency informed the juvenile court that mother had not provided

4

her attorney with contact information for the uncle. The Agency noted the court's previous ICWA finding and the absence of new evidence to the contrary and asked the court to reaffirm its prior finding that the ICWA did not apply. Mother's counsel informed the court that mother confirmed she was unable to obtain any further information from her relatives. The court terminated parental rights, freeing the minor for adoption.

## DISCUSSION

Father contends that, while he verbally denied having any Indian heritage and never filed an ICWA-020 form contradicting that denial, the Agency failed to make an initial inquiry of paternal or maternal relatives who were available from the inception of the case, and the juvenile court failed to ensure the Agency's compliance with the requirements of the ICWA. Mother's only claim to possible Indian ancestry was a paternal uncle who completed an ancestry test. Nonetheless, she too claims the Agency failed its duty of initial inquiry of the extended family members. We conclude any error was harmless.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' [Citation.]" (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.,* subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.,* subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Here, when asked by the Agency and the juvenile court, father repeatedly denied having any Indian ancestry. He did not provide the Agency any reason to believe the minor was an Indian child. Mother first indicated possible Indian ancestry but could not identify a tribe. She provided the same information in a form ICWA-020 filed in July 2019. Next, she claimed her paternal uncle completed an ancestry test which found he was "60% Native American." However, she refused to provide the uncle's name or contact information to the Agency. Despite the Agency's requests for the uncle's contact information, mother provided nothing new as of February 2021. When the section 387 supplemental petition was filed in June 2021, mother reported she had no known Indian ancestry. Mother was present at the June 17, 2021, detention hearing when her counsel confirmed she had no known Indian heritage. It was not until January 2022 that mother

6

again mentioned her paternal uncle in connection with possible Indian ancestry and, after being ordered to do so by the court, finally provided her uncle's name. She did not, however, provide his contact information despite the court's order and despite promising to do so. Indeed, she still had not done so by the section 366.26 hearing on February 28, 2022, at which time her counsel informed the court that mother was unable to obtain any further information from her relatives.

The parents now claim section 224.2, subdivision (b), imposed a duty on the Agency to inquire of the available extended family members, and that the failure to do so resulted in prejudice. They claim the Agency had access to the paternal relatives and the maternal grandmother. We agree with the Agency that any error did not result in prejudice.

The parents disagree and claim they were necessarily prejudiced by virtue of the Agency's failure to inquire of available extended relatives. We recently rejected a similar claim in *In re G.A.* (2022) 81 Cal.App.5th 355, review granted October 12, 2022, S276056.[2] There, the parents both denied Indian ancestry and the record contained no reason to believe the minor was an Indian child. (*Id.* at pp. 359, 362-363.) The mother claimed that, in order to demonstrate prejudice, she only needed to show " 'there were sources of information readily available to respondent that were not consulted.' " (*Id.* at p. 362.) We rejected her contention and determined that the evidence derived from the initial inquiry " 'was sufficient for a reliable determination' " and the agency had no duty to inquire beyond that which it did. (*Id.* at p. 363.) We agreed, as we do here, with the rule for harmlessness set forth in *In re Dezi C.*: " '[A]n agency's failure to conduct a proper initial inquiry into a dependent child's American Indian heritage is harmless unless the record contains information suggesting a reason to believe that the child may

---

[2] Pursuant to California Rules of Court, rule 8.1115(e)(1), we cite and discuss *In re G.A.*, *supra*, 81 Cal.App.5th 3355 solely for its "persuasive value."

7

be an "Indian child" within the meaning of ICWA, such that the absence of further inquiry was prejudicial to the juvenile court's ICWA finding. For this purpose, the "record" includes both the record of proceedings in the juvenile court and any proffer the appealing parent makes on appeal.' " (*Id.* at p. 363, quoting *In re Dezi C.* (2022) 79 Cal.App.5th 769, 779, review granted, Sept. 21, 2022, S275578.)

Here, father denied any Indian ancestry and did not waiver from that position. Mother vacillated between denying Indian ancestry and claiming she might have Indian ancestry through an unknown tribe via her paternal uncle. Yet, she refused to provide his name and contact information. When instructed to do so by the juvenile court, she provided only his name and no contact information. At the section 366.26 hearing, mother represented to the court that she was unable to obtain any further information regarding possible Indian ancestry from her relatives. The Agency "is not required to 'cast about' for information or pursue unproductive investigative leads." (*In re D.S., supra*, 46 Cal.App.5th at p. 1053.) Notwithstanding mother's incomplete and evasive responses to the Agency and the court, she ultimately denied any known Indian ancestry and confirmed that her relatives had no additional information. Neither the parents nor the record gave a reason to believe the minor was or might be an Indian child. Nor do the parents, on appeal, proffer any such reason to believe. (*In re A.C.* (2021) 65 Cal.App.5th 1060, 1069 [parent asserting failure to inquire must make an offer of proof or affirmatively claim Indian heritage on appeal]; accord, *In re G.A., supra*, 81 Cal.App.5th at p. 364, rev. granted.) Thus, the parents have not demonstrated that the absence of further inquiry was prejudicial to the court's ICWA finding. (*In re G.A.,* at p. 365.)

We conclude any error on the part of the Agency in making adequate inquiry under the ICWA was harmless.

## DISPOSITION

The juvenile court's orders are affirmed.

                                        /s/
                                        HOCH, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.